UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TYSHAN JOHNSON,

        Plaintiff,

-vs-

CITY OF POUGHKEEPSIE, JOHN DOES
I-VI, sued in their individual capacities,

        Defendants.
------------------------------------------------------------X

08 CIV. 6105

**COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

**JUDGE KARAS**

## INTRODUCTION

1. Plaintiff Tyshan Johnson brings this suit under federal and state law to redress the violation of his civil rights at the hands of City of Poughkeepsie police officers who subjected him to excessive force and false arrest.

## PARTIES

2. Plaintiff Tyshan Johnson is a resident of the County of Dutchess, within this judicial district.

3. Defendant City of Poughkeepsie is a municipality organized pursuant to the laws of the State of New York. It may sue and be sued.

4. At all relevant times herein, defendants John Does I-VI were City of Poughkeepsie police officers. They are sued in their individual capacity for acts and omissions taken under color of state law.

## JURISDICTION

5. As plaintiff claims the violation of his federally-protected civil rights, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343 (3) & (4) and 42 U.S.C. §

1983. As the State law claims arise from the same nucleus of operative facts as the Federal claims, this Court has supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. Plaintiff timely filed a Notice of Claim regarding his State law claims.

### FACTUAL AVERMENTS

6. On or about April 8, 2007 plaintiff, who is African-American and 22 years old, was working at The Chance nightclub in the city of Poughkeepsie.

7. Plaintiff was at The Chance as an officer of Ensemble Entertainment, an organizer of events for teenagers.

8. On April 8, 2007, Ensemble was putting on a concert for teens at The Chance nightclub.

9. At approximately 11:20 p.m. that evening a physical altercation ensued inside the nightclub between some teenage concert-goers.

10. With other Ensemble staff, plaintiff helped to break up the fight and escort the individuals involved in the fight out of the premises.

11. Outside, plaintiff observed a City of Poughkeepsie police officer pushing a young man, Jaquan Woods, whom plaintiff knew.

12. Plaintiff said to the officer, "You don't have to push him."

13. The officer, John Doe I, then turned to plaintiff and pushed him on his shoulder.

14. Plaintiff advised John Doe I and other police officers present that he was working at the event as one of its organizers and that he needed to go back inside the club.

15. John Doe I told plaintiff to "shut the fuck up" and "keep moving."

16. Plaintiff then walked toward the back parking lot, but as he was walking John

Doe I pushed him in the back.

17. Plaintiff turned around and told John Doe I not to put his hands on him.

18. Other City of Poughkeepsie police officers, including John Does II-V, then approached plaintiff, pulled out their taser guns and aimed them at plaintiff.

19. Plaintiff again tried to explain that he was with the group that was putting on the concert and that he needed to go back inside the club.

20. John Doe II responded, "I don't give a fuck who you are." He brandished his night stick, walked toward plaintiff and pushed him in the chest with his stick, causing plaintiff to stumble backward.

21. Plaintiff, upset by the officers' brutality, said not to push him and again tried to explain that he was with the organization that was putting on the concert.

22. John Doe II then pushed plaintiff again and took out his handcuffs.

23. Plaintiff turned around and placed his hands behind his back.

24. John Does I-V then threw plaintiff to the ground where plaintiff's face smashed into the concrete. John Does I-V then physically assaulted plaintiff while he was on the ground.

25. After handcuffing plaintiff, John Does I-V lifted him and dropped him back onto the ground, causing further injury.

26. The John Doe defendants then placed plaintiff in a police car, handcuffed and without a seat belt. While driving plaintiff to the City's police station, John Doe VI purposely sped up and then slammed on the breaks, causing plaintiff's head to smash into the plexiglass divider between the front and rear seats at least twice.

27. Plaintiff was held at the Poughkeepsie police station for approximately two

hours before he was released to his father.

28. Plaintiff's father took plaintiff to Vassar Brothers Hospital where he was examined and treated for his injuries, which included an injury to his shoulder and bruises and abrasions to his face and head. Medical personnel placed plaintiff's arm in a sling, which he wore for approximately two weeks. They also applied ointment and bandages to his face and left temple.

29. Plaintiff was arraigned the next morning and charged by defendants, falsely and without probable cause, with disorderly conduct.

30. Thereafter, plaintiff had to appear multiple times in court before the judge ultimately dismissed the charges against him.

31. The defendant police officers' acts and omissions described herein were taken under color of law and, though wrongful, within the scope of their employment.

32. The City of Poughkeepsie was deliberately indifferent to plaintiff's federally protected rights because it failed to provide training and/or supervision which would have prevented its agents' foreseeable and wrongful actions, and the City's deliberate indifference was a proximate cause of plaintiff's wrongful treatment.

33. The City of Poughkeepsie was deliberately indifferent to plaintiff's federally protected rights by failing to act upon prior complaints against its police officers regarding violation of citizens' civil rights, in particular complaints by African-Americans who have routinely been subjected to excessive force and false arrest, and the City's deliberate indifference was a proximate cause of plaintiff's wrongful treatment.

34. As a result of defendants' acts and omissions, plaintiff has suffered, continues to suffer, and will likely continue to suffer in the future, conscious physical pain and suffering, loss of liberty, physical and emotional injuries, and other compensatory damages.

## CAUSES OF ACTION

35. Plaintiff re-alleges ¶¶ 1-34 as if fully re-stated here.

36. By dint of the foregoing, defendants violated plaintiff's federally protected and state-protected rights to be free from excessive force, false arrest and malicious prosecution. Plaintiff's federal claims are pursuant to 42 U.S.C. § 1983.

37. By dint of the foregoing, defendants committed the state-law torts of assault, battery and intentional infliction of emotional distress.

## PRAYER FOR RELIEF

Plaintiff respectfully prays that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this case;

c. award plaintiff compensatory damages;

d. award plaintiff punitive damages against the individual defendants on his federal claims;

e. award plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

f. award plaintiff such other relief deemed just and proper.

Dated:    July 1, 2008
            Goshen, New York

Respectfully submitted,

_____
Christopher D. Watkins (CW 2240)
SUSSMAN & WATKINS
PO Box 1005 – 40 Park Place
Goshen, NY 10924
(845) 294-3991

*Attorneys for Plaintiff*